782 F.2d 1042
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROOSEVELT MONCRIEF; JOSEPHINE MONCRIEF, Plaintiffs-Appellees
v.
WILLIAM HANTON, et al., Defendants,
THE PLAIN DEALER PUBLISHING CO. and DAVID I. ANDERSON,
Defendants-Appellants.
 85-3076
 United States Court of Appeals, Sixth Circuit.
 12/23/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: LIVELY, Chief Judge; CONTIE, Circuit Judge; and JOHNSTONE, District Judge.*
 PER CURIAM.
 
 
 1
 This is the second civil rights action filed by the plaintiffs against these defendants arising out of occurrences during a drug raid. In both actions the plaintiffs claimed violation of their civil rights and sought relief pursuant to 42 U.S.C. Secs. 1983 and 1985. In dismissing the first action the district judge found that allegations of tortious conduct did not involve the violation of any federally protected right. There was no appeal from the dismissal of the first action.
 
 
 2
 In the second action, which resulted in this appeal, the district court denied the defendants' motion for summary judgment and motion to dismiss the entire case on res judicata grounds. While denying the defendants' motions the district court concluded, nevertheless, that the complaint should be dismissed, but only in part on the basis of res judicata. All federal claims for violations of 42 U.S.C. Secs. 1983 and 1985 were dismissed with prejudice as barred by the doctrine of res judicata. However, the district court found that the judge in the earlier action did not evidence an intention to preclude the plaintiffs from pursuing pendent state claims and, accordingly, stated in the judgment in the present case, 'the state claims for trespass and invasion of privacy are dismissed without prejudice.' Two defendants in the second case, The Plain Dealer Publishing Company and David I. Anderson, now appeal from that portion of the judgment which dismissed the state claims without prejudice.
 
 
 3
 On appeal the defendants-appellants contend that the first action did not involve state claims. Having failed to include state claims in the first action, the plaintiffs are precluded from asserting those claims in the second action under a proper application of res judicata. The district court in the second case specifically determined that state claims were included in the first action and that the court in that case dismissed only the federal claims. On this basis the district court in the second case dismissed with prejudice only the federal claims.
 
 
 4
 Upon consideration of the briefs of the parties and oral argument of counsel for the appellants, the appellees having waived oral argument, this court concludes that the district court did not abuse its discretion in dismissing the state claims in the second case without prejudice. The order of the district court shows that it carefully considered the pleadings in the first action and the arguments made on behalf of the defendants in the second action which have been repeated to this court on appeal. The discussion in the district court's order shows conclusively that the court did not fail to exercise its discretion in the matter and we cannot hold on the basis of the record before us that there was an abuse of discretion.
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Edward Johnstone, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation